UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON,<br><br>　　　　　Respondent. | No.  2:12-cv-0508 KJM DAD P<br><br><br><br>ORDER |

Respondent's motion for reconsideration of the magistrate judge's order granting an evidentiary hearing on petitioner's claim that his guilty plea was involuntary is pending before the court. The motion was submitted without argument. Having considered the papers filed by the parties, the record in this action, and for the reasons set forth below, the court DENIES the motion for reconsideration.

I.     PROCEDURAL BACKGROUND

On September 9, 2010, in Lassen County Superior Court, petitioner pled guilty to and was convicted of battery by a prisoner on a non-confined person and possessing and carrying a sharp instrument while confined in a penal institution. Lodg. Doc. 2 at 43–52.

On or around October 21, 2010, petitioner filed a request for a certificate of probable cause with the state trial court on several grounds, including that petitioner's guilty plea

/////

1

was involuntary. Lodg. Doc. 1 at 45. On November 5, 2010, the trial court denied petitioner's request for a certificate of probable cause without comment. *Id.* at 48.

On May 9, 2011, petitioner presented his constitutional claim that his plea was involuntary to the California Court of Appeal. Lodg. Doc. 4. The Court of Appeal denied petitioner's claim on August 2, 2011. *People v. Herrera*, No. C066207, 2011 WL 3300160 (Cal. Ct. App. Aug. 2, 2011).

On October 26, 2011, petitioner presented his claim to the California Supreme Court in a petition for writ of habeas corpus and requested an evidentiary hearing. Lodg. Doc. 5. On February 29, 2012, the California Supreme Court denied the petition without comment. Lodg. Doc. 6.

On February 27, 2012, petitioner filed the instant petition for a writ of habeas corpus, challenging his 2010 conviction. ECF No. 1.

On February 8, 2013, the magistrate judge held a status conference during which he directed the parties to file supplemental briefs addressing whether an evidentiary hearing is required. ECF Nos. 46, 47.

On January 23, 2014, following the parties' briefing, the magistrate judge issued an order setting an evidentiary hearing on petitioner's claim that his guilty plea was involuntary. ECF No. 60. The magistrate judge reasoned petitioner's claim had not been adjudicated on the merits in state court, and, even assuming it was, the decision was based on an unreasonable determination of the facts in light of the circumstances leading up to petitioner's plea colloquy. *Id.* Based on this conclusion, the magistrate judge found an evidentiary hearing appropriate under 28 U.S.C. § 2254(e)(2). *Id.*

On February 24, 2014, respondent filed a motion for reconsideration of the magistrate judge's order setting the evidentiary hearing. ECF No. 67. For the reasons discussed below, the motion is DENIED.

II.     LEGAL STANDARDS ON A MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set

aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Concrete Pipe and Prods. of Cal.*, 508 U.S. at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, 3 (E.D. Cal. Mar. 23, 2011). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j)(3). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.* (*Marlyn*), 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

III.     ANALYSIS

     A.     The Magistrate Judge's Order

          In his order filed January 23, 2014, the magistrate judge first considered whether the state court's acceptance of petitioner's guilty plea was a reasoned decision on the merits of petitioner's constitutional claim that his guilty plea was involuntary. ECF No. 60 at 13. He found petitioner's claim that his plea was involuntary is a new claim that was not raised in the state trial court, concluding, "[u]nder these circumstances, the trial court's acceptance of petitioner's guilty plea was not a decision on the merits of any claim presented by petitioner that his guilty plea was involuntary." *Id.*

          The magistrate judge also found that, even assuming the trial court's acceptance of petitioner's guilty plea was a ruling on the merits, the state trial court's decision was "based on an

3

unreasonable determination of the facts" under § 2254(d)(2) in light of the circumstances leading up to petitioner's plea colloquy. *Id.* at 13–14. He reasoned the state trial court "essentially ignored evidence/circumstances which indicated that the coercive circumstances petitioner had repeatedly explained to the court were still motivating his guilty plea." *Id.* Thus, the magistrate judge concluded § 2254(d) does not govern petitioner's federal claim and the claim is reviewed *de novo*. *Id.*

Finally, the magistrate judge found petitioner satisfied the due diligence requirement for an evidentiary hearing under § 2254(e)(2) and established a colorable claim for relief. *Id.* at 14–18. In that regard, the magistrate judge explained that, under the circumstances presented in this action, "there is certainly reason to doubt the sincerity of the colloquy at petitioner's third change of plea hearing." *Id.* at 16.

B. The Motion for Reconsideration

On February 24, 2014, respondent filed a motion for reconsideration, arguing the magistrate judge erred in finding no state court reached the merits of petitioner's involuntary plea claim. ECF No. 67 at 7. Respondent contends "[t]he trial judge found Petitioner's plea was voluntary by accepting it" and the same court "found no merit to a claim of involuntariness by denying [p]etitioner leave to appeal on that ground." *Id.*

  i.   Evidentiary Hearings in Federal Habeas Cases

The decision whether to grant an evidentiary hearing is grounded in the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of

4

> habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>> (A) the claim relies on--
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254.

In *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," *id.* at 1398, because the review "focuses on what a state court knew and did," *id.* at 1392. The Court reiterated that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id.* at 1400. It recognized that "not all federal habeas claims . . . fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in the State court proceedings.'" *Id.* at 1401; *Stokley v. Ryan*, 659 F.3d 802, 808 (9th Cir. 2011) ("*Pinholster* also held that this bar on new evidence is coterminous with the scope of § 2254(d). If a petitioner presents a claim that was *not* adjudicated on the merits . . . federal review is not necessarily limited to the state record.").

When the state court's ruling is a summary denial, a petitioner "can satisfy the 'unreasonable application prong of § 2254(d)(1) only by showing that 'there was no reasonable basis'" for the decision. *Pinholster*, 131 S. Ct. at 1402 (quoting *Harrington v. Richter*, 131 S. Ct.

5

770, 784 (2011)).  A state court's decision is not entitled to deference under § 2254(d)(1) if its ruling is "contrary to" clearly established federal law, that is, if it applied a rule different from the governing law defined by Supreme Court authority or if its decision is different from Supreme Court authority on a set of materially indistinguishable facts.  Under the second prong of § 2254(d)(1), a state court decision is an "unreasonable application" of federal law if it correctly identified the governing legal principle but unreasonably applied it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, whether or not it is correct.  *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

*Pinholster* restricts the consideration of evidence that was not before the state court under § 2254(d)(2) as well as under (d)(1); to determine whether there has been an unreasonable determination of fact, a district court must consider the record before the state court. *Pinholster*, 131 S. Ct. at 1400 n.7 (noting the "additional clarity" in (d)(2), which specifically provides that review is limited to the state record); *Blue v. Thaler*, 665 F.3d 647, 655–56 & n.26 (5th Cir. 2011), *cert. denied*, 133 S. Ct. 105 (2012); *Lor v. Felker*, No. CIV S–08–2985 GEB DAD P, 2012 WL 1604519, at *5 (E.D. Cal. May 7, 2012), *aff'd*, 2012 WL 3201961 (E.D. Cal. Jul. 31, 2012).

In *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012), the Ninth Circuit examined the concept of an unreasonable determination of fact within the meaning of § 2254(d)(2), recognizing that if the state court's determination of fact was objectively unreasonable it is not entitled to deference under (d)(2).  The court in *Hibbler* said there are two main categories of challenges: "First, a petitioner may challenge the substance of the state court findings and attempt to show that those findings were not supported by substantial evidence in the state court record. Second, a petitioner may challenge the fact-finding process itself on the ground that it was deficient in some material way." *Id.* (citation omitted).  Unreasonableness is a higher standard than incorrectness:

> [I]f a petitioner challenges the substance of the state court findings, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must

6

> be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record. Similarly, when the challenge is to the state court's procedure, mere doubt as to the adequacy of the state court's finding of fact is insufficient; we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.

*Id.* (internal quotation marks and citations omitted).

If the restrictions in subdivision (d) are surmounted, either because the state court did not address a particular claim on the merits or because its decision is contrary to or an unreasonable application of federal law or an unreasonable determination of fact, a court must then consider the application of subdivision (e). *See Williams v. Woodford*, 859 F. Supp. 2d 1154, 1161 (E.D. Cal. 2012). Although the *Pinholster* court found "no need . . . to address the proper application of § 2254(e)(2)," it nevertheless recognized that "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief" by restricting the district court's discretion to consider new evidence when the state court did not adjudicate claims on the merits. *Pinholster*, 131 S. Ct. at 1401 & n.8.

Before a court may consider holding a hearing under subdivision (e), it must determine whether a petitioner failed to develop his claims in the state court. A petitioner will only be charged with a "failure to develop" the facts if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The petitioner must have "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the state court in the manner prescribed by state law." *Id.* at 437. "'A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim and therefore satisfies § 2254(e)(2).'" *Runningeagle v. Ryan*, 686 F.3d 758, 783 (9th Cir. 2012) (quoting *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010)).

Even if a petitioner has been diligent in state court, a court is not required to hold a hearing, but may do so in its discretion. In deciding whether to hold a hearing, the court "must

consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief . . . . Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Stokley*, 659 F.3d at 811. The Court in *Landrigan* clarified that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." 550 U.S. at 474.

          ii.        State Court Record

To provide context to petitioner's claim and the motion before the court, the state court record reflects the following relevant facts. In or about November 2009, petitioner was charged with one count of battery by a prisoner and one count of possession of a sharp instrument. Lodg. Doc. 1 at 1–6. Petitioner initially pled not guilty. *Id.* During the trial court's November 20, 2009 trial readiness conference, petitioner's counsel conveyed to the court petitioner's desire to be "transferred someplace else during the duration of the trial due to the nature of the charges." Lodg. Doc. 2 at 6. Following a continuance of petitioner's trial, the court held another trial readiness conference on May 6, 2010. *Id.* at 24. During the conference, petitioner's counsel indicated petitioner requested him to "cease work" and "conduct no further investigation" because he wanted to plead straight up. *Id.* at 26. He explained petitioner had a problem with the plea form, specifically paragraph nine of the plea form, which states the plea is offered freely and voluntarily and without any threats. *Id.* Petitioner's counsel stated petitioner "contends that in fact he has been threatened and intimidated and he wants to give a statement to the Court before he enters his plea of guilty." *Id.* The following dialogue between petitioner and the trial court took place:

> THE COURT: Okay, Mr. Herrera, the bind that I see in this matter is that you want to plead guilty, and many people do and accept whatever sentence is given by the Court. The problem here is if you in fact are pleading guilty because you are under some threat or duress that's causing you to plead guilty, that's just not a good plea, the appellate courts would throw it out in a heartbeat.

8

> . . . .
>
> [PETITIONER]: The reason I want to plead guilty is because, see, my thing involves, my case involves battery on staff, correctional officers, and ever since then, I've been, I came back from Corcoran SHU[1] for court proceedings for this case, battery on a staff. Several staff, IGI's, ISU's, were involved in this case. I've been harassed, threatened by several correctional officers ever since I've been here for this case.
>
> THE COURT: What was the threat? What did they threaten to do?
>
> [PETITIONER]: Something about if I take the stand and I reveal what took place on my side of the story, what really took place, how I was -- excessive force was used on me, I was beat up by correctional officers and stuff. They don't want me to reveal all this, telling me if I go and take the stand -- I go back in my cell, my cell always get tossed up, my paperwork, my legal stuff gets all thrown out and just keep getting harassed.
>
> Medical staff, they're not trying to give me medical attention because of this, because of my case, and I'm tired of it. I just want to get it over with, take a guilty plea and get on. That way, I can just sentence and go back to Corcoran, get away from this, from all the harassment.

*Id.* at 27–28. After advising petitioner if the matter went to trial he would not have to take the stand, and offering him the option of pleading no contest as opposed to pleading guilty, the trial court did not accept petitioner's plea and continued the matter until May 27, 2010. *Id.* at 28–30. During the next May 27, 2010 trial setting conference petitioner's counsel informed the court it is "quite clear" to him that "any kind of plea under duress or intimidation would certainly most likely be overturned," but petitioner wants to enter his plea of guilty and "put on the record again the reason for it and the fact that he had been intimidated into entering the plea." *Id.* at 33. The trial court addressed petitioner, asking if he still had the same concerns about his safety he expressed during the prior conference to which petitioner responded he did. *Id.* at 33–34. The trial court responded it could "not take a plea based upon that." *Id.* at 34. Petitioner's counsel also renewed petitioner's desire to be transferred out of High Desert State Prison because of the physical retaliation by the officers there and the interference with his mail. *Id.* He explained petitioner requested that he file a motion for his transfer, and the trial court set a hearing for the motion for June 17, 2010. *Id.*; *see also id.* at 36 (petitioner's counsel stating petitioner "wants the

---
[1] Security Housing Unit.

9

motion heard at the earliest time"). It is unclear from the record why, but the hearing on the motion was vacated.

On September 9, 2010, the court held a hearing during which petitioner pled guilty to the two charges. At the hearing, petitioner made the following statements on the record:

> [PETITIONER]: Okay, I was last here on May, I believe May 28th. That's when you denied to accept my guilty plea based on that I was being threatened and harassed, to take a guilty plea due to the nature of my case, battery on ISU, High Desert State Prison officials.
>
> . . . . I want to put on the record, to reflect on the record, I want to give a declaration, one of my several declarations I'm saying I mailed out to my attorney. I want to give it to him today right now on the record. I'm keeping a copy of this declaration for my personal records. It's dated today's date, 9/9/2010.
>
> . . . .
>
> [PETITIONER]: I also like to tell the Court that I'm not being pressured. The retaliation, harassment, it was made up by me, it was just made up. I'm not being pressured. I'll sign the guilty plea documents. I want to get sentenced today, though. I'm not being pressured, I made it up.
>
> THE COURT: Hang on. I misunderstood what you said. You what?
>
> [PETITIONER]: I made up about the retaliation by cops, being pressured by High Desert State Prison officials harassing me, I made it up. I just made it up. I'm not being pressured, I want to take a guilty plea straight up, no offers, no deals, no nothing. I don't want to go to trial, I want to plead straight up.
>
> THE COURT: Okay.
>
> [PETITIONER]: I'll sign the document right now. On the record, I'll sign right now, I want to get sentenced today. Whatever, two life sentences, three life sentences, whatever time it carries, I'm okay.
>
> THE COURT: So you're saying that you do not want a probation report?
>
> [PETITIONER]: I don't want any of that, just send me, that's it.

*Id.* at 43–44. As the court was directing petitioner and his counsel to a conference room to review the plea form, petitioner interrupted saying, "No, I'm all right, I'll sign right now, I'll sign whatever the DA wants me to sign." *Id.* He also stated "I want to get this done, that's it, I'm

10

tired, okay." *Id.* After insisting several times that he sign the plea form on the record before the court, petitioner and his counsel reviewed the form off the record. *Id.* at 45–46; *see also* Lodg. Doc. 1 at 28–34 (plea form and waiver of rights). The trial court specifically addressed the section of the form with which petitioner previously had taken issue, noting petitioner initialed the section and the trial court "highlighted it." Lodg. Doc. 2 at 46–47; Lodg. Doc. 1 at 32. The trial court reviewed with petitioner the rights he forfeited by entering his guilty plea and petitioner stated he was entering the plea freely and voluntarily. Lodg. Doc. 2 at 47–48. Petitioner waived the option of referral to probation, stating, "I just want to get sentenced right now, today." *Id.* at 48; *see also id.* at 49. Ultimately, petitioner pled guilty to the two charges and admitted three prior convictions; the trial court accepted the guilty plea and acknowledgements. *Id.* at 49–51. The trial court sentenced petitioner to two concurrent sentences of 25 years to life to be served consecutively to his existing sentence. *Id.* at 52. Thereafter, petitioner indicated he would like his counsel to assist him with filing an appeal, *id.* at 53, as well as have the court preserve evidence for the purpose of his appeal, *id.* at 54.

On or around October 21, 2010, petitioner filed a request for a certificate of probable cause stating, among other grounds, the following constitutional ground for appeal: "Defendant's constitutional rights to a fair trial were violated in that he entered a plea of guilty after he was beaten and harassed by correctional staff at High Desert State Prison." Lodg. Doc. 1 at 45. On November 5, 2010, the trial court denied petitioner's request for a certificate of probable cause without comment. *Id.* at 48.

On May 9, 2011, petitioner presented his constitutional claim that his plea was involuntary to the California Court of Appeal in a supplemental brief to his counsel's "no issues" *Wende*[2] brief. Lodg. Doc. 4. The California Court of Appeal ruled as follows with regard to his involuntary plea claim:

> Defendant filed a supplemental brief, again claiming he was pressured into entering the plea by the threats and harassment of the correctional officers. Defendant's claims are challenges to the validity of the plea. Such challenges cannot be raised without a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal. 4th

---

[2] *People v. Wende*, 25 Cal. 3d 436 (1979).

11

1084, 1098–1099; *People v. Panizzon* (1996) 13 Cal. 4th 68, 74–75.)

*Herrera*, 2011 WL 3300160, at *2. On October 26, 2011, petitioner presented his claim to the California Supreme Court in a petition for writ of habeas corpus and requested an evidentiary hearing. Lodg. Doc. 5. On February 29, 2012, the California Supreme Court denied the petition without comment. Lodg. Doc. 6.

    iii. Adjudication on the Merits Under 28 U.S.C. § 2254(d)

The magistrate judge found the last reasoned decision addressing petitioner's involuntary plea claim is the California Court of Appeal decision, which "specifically rejected that claim on the procedural ground that petitioner had failed to obtain a certificate of probable cause." ECF No. 60 at 12. The magistrate judge concluded, "because the state courts rejected petitioner's claim on procedural grounds, their decisions do not constitute an adjudication on the merits sufficient to invoke the deference that § 2254(d) commands." *Id.* at 13.

In her motion for reconsideration, respondent argues the state trial court adjudicated petitioner's involuntary plea claim on the merits when it accepted petitioner's guilty plea during the plea colloquy, or alternatively, when it denied petitioner's request for a certificate of probable cause. Respondent raises her alternative argument for the first time here. *See* ECF No. 54 at 3 (respondent arguing the trial court adjudicated petitioner's claim when it accepted his guilty plea); *see also* ECF No. 24 at 12–16 (respondent argues the Court of Appeal's decision was the last reasoned decision on petitioner's federal claim). It is generally improper to present an argument for the first time on a motion for reconsideration. *Marlyn*, 571 F.3d at 880. Nevertheless, the court finds neither of respondent's arguments are persuasive and will address them both.

As noted above, § 2254(d) applies to claims that were adjudicated on the merits in state court proceedings. *Pinholster*, 131 S. Ct. at 1401. "A judgment is normally said to have been rendered 'on the merits' only if it was 'delivered after the court . . . heard and *evaluated* the evidence and the parties' substantive arguments.'" *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) (citing BLACK'S LAW DICTIONARY 1199 (9th ed. 2009)); *see also Lambert v. Blodgett*, 393

12

1 F.3d 943, 966 (9th Cir. 2004) ("[T]he term 'adjudicated' refers to whether the petition for post-
2 conviction relief was either granted or denied, whereas the phrase 'on the merits' requires that the
3 grant or denial rest on substantive, rather than procedural, grounds.").

4 Here, petitioner raised his claim regarding the voluntariness of his plea before the
5 California Supreme Court in his petition for review. Lodg. Doc. 5. Because the California
6 Supreme Court summarily denied the petition for review, Lodg. Doc. 6, the court "looks through"
7 the summary disposition to the California Court of Appeal opinion. *Ylst v. Nunnemaker*, 501 U.S.
8 797, 803–06 (1991). The Court of Appeal denied petitioner's claim on direct review on
9 procedural grounds, for a failure to obtain a certificate of probable cause.[3] *Herrera*, 2011 WL
10 3300160. Thus, this court looks to the state trial court for the last reasoned decision.

11 Following acceptance of petitioner's guilty plea, Lodg. Doc. 2 at 49–51, the state
12 trial court denied petitioner's request for a certificate of probable cause without comment, Lodg.
13 Doc. 1 at 48. Thus, there is no reasoned state court decision on the record. The trial court did not
14 adjudicate petitioner's constitutional claim that his plea was involuntary during the plea colloquy
15 because the claim was not squarely presented to the trial court. Despite the trial court's focus on
16 accepting petitioner's guilty plea, respondent insists the trial court addressed petitioner's
17 involuntary plea claim on the merits during the plea colloquy. However, petitioner presented the
18 trial court with the opposite of an involuntary plea claim when he stated he was not being coerced
19 to plead guilty. Lodg. Doc. 2 at 48 (petitioner replying "Yes, I am" when asked if he was
20 entering his plea freely and voluntarily). The trial court had no occasion during the September 9,
21 2010 plea colloquy to address petitioner's federal claim that his plea was coerced. *Id.* at 43–51.
22 As the magistrate judge correctly points out, if during the plea colloquy the trial court learned of

---

[3] Petitioner raises the issue of procedural default in his opposition to respondent's motion for reconsideration. Petitioner notes "respondent failed to raise as an affirmative defense that petitioner had failed to obtain a certificate of probable cause from the trial court." ECF No. 73 at 5 n.1. In reply, respondent explains he did not assert the affirmative defense because his argument is there has been a merits determination on the claim. ECF No. 74 at 3–4. Respondent further explains if the court does not agree with his position, "it may on its own consider whether a procedural default has occurred." *Id.* at 3. The issue before the court is whether the magistrate judge erred in his conclusion that an evidentiary hearing is appropriate on petitioner's claim that his plea was involuntary. The court declines to undertake an analysis of petitioner's claim under the procedural default doctrine. The magistrate judge is free to address this matter at his discretion.

1  petitioner's contemporaneous declaration to his counsel that his plea was involuntary, "the trial
2  judge would almost certainly have rejected petitioner's attempt to enter a guilty plea for the third
3  time." ECF No. 60 at 13. Accordingly, the magistrate judge's decision was not clearly erroneous
4  or contrary to law.

5  To the extent respondent argues the trial court's denial of petitioner's request for a
6  certificate of probable cause serves as a reasoned decision on the merits of petitioner's
7  constitutional claim, this argument also fails. Under California law, a defendant may not appeal
8  from a judgment of conviction upon a guilty plea unless he obtains a certificate of probable cause
9  from the trial court. CAL. PENAL CODE § 1237.5. "Section 1237.5 is procedural in nature" and
10 "establishes a mechanism for the operation of the 'general' appeal-limiting 'principle' of the
11 decisional law." *People v. Mendez*, 19 Cal. 4th 1084, 1095 (1999). The purpose of the state
12 statute is "to promote judicial economy . . . by screening out wholly frivolous guilty and nolo
13 contendere plea appeals before time and money are spent" on matters such as preparing the record
14 on appeal. *Id.* (citations, internal quotations and alteration omitted). "The impact of section
15 1237.5 relates to the procedure in perfecting an appeal from a judgment based on a plea of guilty,
16 and not to the grounds upon which such an appeal may be taken." *People v. Hoffard*, 10 Cal. 4th
17 1170, 1178 (1995) (quoting *People v. Ribero*, 4 Cal. 3d 55, 63 (1971)).

18 Here, the state trial court was presented with petitioner's request to proceed to the
19 Court of Appeal on his federal claim that his plea was involuntary, on the ground it was coerced
20 as a result of threats and harassment by High Desert correctional officers. The state did not
21 oppose the request; the trial court summarily denied petitioner's request without comment. Lodg.
22 Doc. 1 at 48. Based on California's procedural statute, the state court screened out petitioner's
23 guilty plea appeal because it was wholly frivolous. *In re Chavez*, 30 Cal. 4th 643, 651 (2003).
24 However, the trial court did not indicate on what ground the denial was based, nor is there any
25 indication its decision was based on an application of federal law. While a habeas court generally
26 presumes the state court adjudicated a claim on the merits, *Richter*, 131 S. Ct. at 784–85 (citing
27 *Harris v. Reed*, 489 U.S. 255, 265 (1989)), here there is simply no indication that the trial court
28 "heard and *evaluated* the evidence and the parties' substantive arguments," *Johnson*, 133 S. Ct. at

1097, with regard to petitioner's federal claim when it denied petitioner's request for a certificate of probable cause. This is especially true considering petitioner presented no substantive argument in support of his request, and the state made no substantive argument in opposition. It is therefore difficult to conclude the screening of petitioner's federal claim under a state court procedural rule involved an adjudication of the merits of the claim. *Cf. Sadler v. Howes*, 541 F. App'x 682, 689 (6th Cir. 2013) (unpublished) (finding state trial court adjudicated petitioner's claim on the merits because it "reviewed both affidavits and listened to each party's arguments," "inquired as to what additional evidence would be presented in an evidentiary hearing," "compared the information relating" to the claim against the "information relating to the pre-judgment motion," and, only "after undertaking all of these steps did the state trial court deny" petitioner's motion).

Similarly, and perhaps more fundamentally, if the trial court granted petitioner's request for a certificate of probable cause, the decision would not have resolved his federal claim such that he would have been entitled to further proceedings at the trial court level. In other words, assuming petitioner's request for a certificate of probable cause was a petition for post-conviction relief, the state trial court neither granted nor denied the request on substantive grounds and therefore did not adjudicate petitioner's claim on the merits. *Lambert*, 393 F.3d at 966. Rather, the trial court's issuance of a certificate of probable cause would merely have removed a procedural barrier and permitted petitioner to go forward with his federal claim to the California Court of Appeal and receive a merits disposition at that level. CAL. PENAL CODE § 1237.5. In this light, the trial court's denial of petitioner's request for a certificate of probable cause was akin to a discretionary decision to apply a state procedural bar, not a decision to deny a federal claim for relief on the merits. *See*, *e.g.*, *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (a state court's decision whether to apply a procedural bar does not involve any consideration of federal law).

The magistrate judge did not err in holding petitioner's claim was not adjudicated on the merits and the deference due under § 2254(d) does not apply. As discussed below, even if the court determines under *Richter* either of the trial court's decisions constituted a determination

of the merits of petitioner's federal claim, petitioner's claim meets the demanding standard applicable under § 2254(d)(2), which provides an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

### iv. Unreasonable Determination of the Facts Under 28 U.S.C. § 2254(d)(2)

The magistrate judge found that, even assuming the trial court's acceptance of petitioner's guilty plea was a denial of petitioner's federal claim on the merits, the decision was an unreasonable determination of the facts in light of the evidence presented to the court. ECF No. 60 at 13–14.

Respondent argues the state trial court's factual determination that petitioner's plea was voluntary was not an unreasonable determination of the facts under § 2254(d)(2), ECF No. 67 at 11–14; and, with regard to the state trial court's ruling on petitioner's request for a certificate of probable cause, "there is nothing to refute that the state court found [p]etitioner's claim was simply not colorable, in light of the record," ECF No. 74 at 3. As noted, respondent's latter argument was not properly presented to the magistrate judge and is therefore untimely. *Marlyn*, 571 F.3d at 880. Notwithstanding the deficiency, this court addresses both arguments.

Under § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003). While federal courts are particularly deferential to state-court findings, a determination that a trial court's findings were unreasonable is made when a habeas court is "satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). "To fatally undermine the state fact-finding process, and render the resulting finding unreasonable, the overlooked or ignored evidence must be highly probative and central to petitioner's claim." *Id.* at 1001.

16

Here, the trial court did not hold an evidentiary hearing on petitioner's involuntary plea claim or afford him the opportunity to present evidence regarding the claim when it both accepted his guilty plea and denied his request for a certificate of probable cause. Thus, the trial court did not make an explicit finding of fact on petitioner's involuntary plea claim at either stage. *Taylor*, 366 F.3d at 1001 ("If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts." (citing *Weaver v. Thompson*, 197 F.3d 359, 363 (9th Cir. 1999); *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003); *Bryan v. Mullin*, 335 F.3d 1207, 1215–16 (10th Cir. 2003); *Valdez v. Cockrell*, 274 F.3d 941, 948–50 (5th Cir. 2001))). As a result, "the state-court factual determination is perforce unreasonable and there is nothing to which the presumption of correctness can attach." *Taylor*, 366 F.3d at 1000–01.

Here, even assuming the trial court reviewed the record on either occasion and made an implicit factual finding that petitioner's claim was wholly frivolous, the finding is unreasonable in light of the record before the trial court. *Goldyn v. Hayes*, 444 F.3d 1062, 1065 n.5 (9th Cir. 2006) (Expressing doubt that the federal court is "bound by a state court's implicit findings under AEDPA," and noting "deference to state court implicit factfinding would likely vitiate the function of federal courts on habeas, because the state could always point to some 'implicit' finding by the state court to fill in a whole variety of constitutional defects."). The record shows petitioner was adamant on two separate prior occasions that High Desert correctional officers pressured him to plead guilty to the charges through harassment and threats. While the trial court's statements at the third, successful plea hearing reflect a recollection of the prior aborted hearings, nothing the court said reconciled the prior statements by petitioner with his about face, explained only by his desire to move on.[4]

In his decision, the magistrate judge accurately summarizes additional probative evidence in the record in support of his conclusion that the state trial court's decision was

---

[4] For example, the plea form petitioner ultimately signed includes an asterisk next to the section on the form indicating the plea was not coerced, the section with which petitioner previously took issue. Lodg. Doc. 1 at 32. Whether or not petitioner or the trial court placed the asterisk on the form is unclear although the judge stated he was "highlighting" that section. Lodg. Doc. 2 at 47.

17

unreasonable. For example, petitioner informed the trial court he was handing a declaration to his attorney at the time he entered his guilty plea and the court did not inquire about the declaration. Also, petitioner was rushed during the plea hearing to both plead guilty and file an immediate appeal or be transferred out of High Desert, a detail not properly relegated to the insignificant, as respondent suggests in her opposition. Rather, petitioner's actions corroborate his federal claim that his plea was involuntarily coerced by threats and harassment from High Desert correctional officers. *See* ECF No. 1 at 5–9.

Moreover, to the extent the trial court relied solely on petitioner's guilty plea in making its determination regarding petitioner's request for a certificate of probable cause, the guilty plea was made without a renewed presentation of petitioner's claim that his plea was involuntary. An isolated reliance on the plea colloquy in light of the substantial evidence surrounding the state court proceeding was objectively unreasonable. Nothing in the record allows this court as the reviewing court to know how the trial court accounted for petitioner's prior accounts of threats, his handing a contemporaneous declaration to his lawyer, Lodg. Doc. 2 at 27–28, 43, or whether it evaluated his demeanor during its fact-finding process. *Taylor*, 366 F.3d at 999; *Miller-El*, 537 U.S. at 346. Thus, the trial court's factual determination, if the court infers an implicit determination, that petitioner's guilty plea was obtained in a constitutionally acceptable manner was an unreasonable determination of facts such that "an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor*, 366 F.3d at 1000, 1007–08 ("failure to take into account and reconcile key parts of the record casts doubt on the process by which the finding was reached, and hence on the correctness of the finding").

Accordingly, the magistrate judge did not error when it determined petitioner's claim is not governed by § 2254(d)(2).

/////

/////

/////

/////

18

        v.        Evidentiary Hearing Under 28 U.S.C. § 2254(e)

The magistrate judge held petitioner is entitled to an evidentiary hearing under § 2254(e) because petitioner was diligent in developing the factual basis of his claim in state court by requesting an evidentiary hearing and he made a colorable claim for relief. ECF No. 60 at 14–18.

Respondent argues the court cannot hold an evidentiary hearing because petitioner failed to pursue his claims in state court. ECF No. 67 at 15. Respondent contends because petitioner failed to present evidence regarding his guilty plea at the time of his plea, he cannot "bypass the hearing that was actually prescribed to determine the factual issues." *Id.*

In reply, petitioner argues his "claim is dependent upon matters only from outside the record and the state has not afforded petitioner an opportunity to develop them." ECF No. 73 at 18. Further, because the state court denied petitioner an evidentiary hearing, "he has not 'failed' to develop the factual basis within the meaning" of § 2254(e)(2). *Id.* at 20 (citing *Williams*, 529 U.S. at 432).

Here, upon reviewing the record, the court finds petitioner was diligent in developing his claim in his post-conviction proceedings. Petitioner requested a certificate of probable cause at the trial court level following his conviction and requested an evidentiary hearing on his claim filed in the California Supreme Court. Lodg. Doc. 1 at 45; Lodg. Doc. 5. While respondent argues petitioner's "refusal to speak his current truth to the trial court was not a sufficient effort to try the facts," ECF No. 67 at 15–16 (alterations omitted), petitioner's efforts on review are not limited to his efforts at the trial court level. The court also considers whether petitioner was diligent in developing his claim in his post-conviction proceedings. *Lopez v. Ryan*, 630 F.3d 1198, 1206 (9th Cir. 2011) (finding a lack of diligence because petitioner failed to properly allege his claim in his post-conviction proceedings); *West v. Ryan*, 608 F.3d 477, 484–85 (9th Cir. 2010) (finding diligence in state post-conviction proceedings when petitioner demonstrated "persistent, though imperfect, efforts to obtain a hearing"); *Stanley*, 598 F.3d at 624 & n.8 (petitioner did not fail to develop the factual basis of his claim because he sought an evidentiary hearing in his state petition for post-conviction relief). Considering the record before

19

1  the court, the magistrate judge correctly held "petitioner made a reasonable attempt to pursue his
2  claims in state court." ECF No. 60 at 16.
3      Finally, there is reason to conclude an evidentiary hearing could enable petitioner
4  to prove the factual allegations in his petition.  *Landrigan*, 550 U.S. at 474.  Petitioner
5  communicated to the trial court on more than one occasion that correctional officers at High
6  Desert were harassing and threatening to harm him if he went forward with his trial.  Lodg.
7  Doc. 2 at  27–28 & 33–34.  If these factual allegations are proven true, petitioner would be
8  entitled to federal habeas relief on his claim that his guilty plea was involuntary.  The magistrate
9  judge did not err in finding petitioner "demonstrated a colorable claim for federal habeas relief,
10 despite the full plea colloquy."  ECF No. 60 at 16–17.

IV.    CONCLUSION

For the reasons set forth above, respondent's February 24, 2014 motion for reconsideration (ECF No. 67) is DENIED.

Dated:  August 24, 2014.

_____
UNITED STATES DISTRICT JUDGE